## SILAS HOWE *versus* LEVI LEWIS.

On the breach of the condition of a mortgage, the estate of the mortgagee becomes absolute at law; and a mortgager cannot maintain trespass against the mortgagee after entry for condition broken, or against any one holding under his title, although the mortgage debt may have been paid.

Where the mortgager, having sold the land and taken in payment the note of the purchaser and agreed to extinguish the mortgage, delivered the note to the mortgagee, under an agreement that if paid (which was not done) the proceeds should be applied towards payment of the mortgage, and also deposited with the mortgagee the sum due on the mortgage, in order to stop the interest, but under an agreement that it should not be applied to the payment of the mortgage, and the mortgagee gave a receipt for the money and retained the mortgage deed and the collateral note, it was *held*, that this was not a payment of the mortgage.

The executor of a mortgagee entered for condition broken, and leased the land; in an action of trespass brought against the lessee by the mortgager, the lessee justified under the lessor, without alleging in his plea, in what capacity the lessor held the estate. Adjudged that the plea was sufficient.

TRESPASS *quare clausum*. Plea, soil and freehold in one Levi Farwell.

At the trial, which was before *Morton* J., the plaintiff produced evidence of the levy of an execution upon the premises, on August 9, 1830, which execution was issued, in his favor, against Willard Howe ; and it was proved, that Willard Howe derived his title from Robert Fuller and Samuel Wilder, by their quitclaim deeds dated August 8, 1829.

The defendant produced a deed of mortgage, dated October 2, 1820, by which it appeared that the locus was part of a small farm, thereby conveyed by Wilder, who was the original owner, to Samuel Manning, to secure the payment of a

28 *

promissory note for $ 500. It was also proved that Manning had deceased, and that on May 19, 1824, Farwell was appointed his executor ; that on August 8, 1829, Fuller purchased Wilder's equity of redemption ; and that on June 16, 1830, Farwell made an entry, for the purpose of foreclosing the mortgage, upon a lot of land, being parcel of the estate mortgaged.

Jacob Fisher testified, that, when the conveyance was made to Willard Howe by Fuller, Howe gave a note for the value of the land so conveyed, and that Fuller agreed to redeem and extinguish the mortgage.

Farwell testified, that after his entry, Fuller passed over to him the note given by Willard Howe, with the understanding, that if paid, the proceeds should be applied to the payment of the note for $ 500, which was secured by the mortgage ; that Willard Howe's note has never been paid ; that Fuller, in 1831, paid over to the witness a sum of money about equal to the amount due on the note for $ 500, in order to stop the interest ; that there was an express understanding between the witness and Fuller, at the time when the money was paid, that the payment should not discharge the mortgage, and that the money should not be applied to the payment of the note ; that however it was paid on no other account ; that the witness retained possession of the note and mortgage, to defeat the title of Willard Howe and his creditors ; and that a receipt was given by the witness to Fuller, when the money was so paid, but that he did not recollect the terms of the receipt, although he believed it made him accountable.

The defendant, on April 1, 1832, entered upon the locus as the lessee of Farwell, and committed the supposed trespasses complained of.

The plaintiff was nonsuited, with leave to move to have the nonsuit taken off, if the action could be maintained, and a default entered.

*Oct. 3d.* J. *Davis* and *Smith*, for the plaintiff, cited *Poignard* v. *Smith*, 6 Pick. 172 ; 8 Mass. R. 554 ; *Gray* v. *Jenks*, 3 Mason, 520, and cases cited ; *Collins* v. *Torrey*, 7 Johns. R. 278 ; *Jackson* v *Stackhouse*, 1 Cowen, 122 ; *Vose* v. *Handy*, 2 Greenl. 322 ; *Mayward* v. *Hunt*, 5 Pick. 240

The defendant pleads that the legal title was in Farwell, and justifies as his lessee ; but if he would rely on his title, he must set it out truly. He should have stated that Farwell held the estate in his capacity of executor. *St.* 1788, ç. 51 ; *Smith* v. *Dyer*, 16 Mass. R. 18.

*Merrick*, for the defendant, cited *Parsons* v. *Welles*, 17 Mass. R. 419 ; *Perkins* v. *Pitts*, 11 Mass. R. 125.

WILDE J. delivered the opinion of the Court. This is an action of trespass *quare clausum*, and the defendant pleads soil and freehold in one Levi Farwell ; and the question is, whether the legal title was in him at the time of the supposed trespass. By the facts reported it appears, that the locus was part and parcel of a small farm, which had been before that time mortgaged to one Samuel Manning by one Samuel Wilder, under whom the plaintiff claims to hold ; that Samuel Manning had died before the time of the supposed trespass, and that Farwell was his executor. The legal estate, therefore, was in him, and there is no evidence that it has ever been released ; so that this action cannot be maintained, even if the mortgage has been paid off, as the plaintiff contends it has been. On the breach of the condition of the mortgage, the estate of the mortgagee became absolute at law, and although the mortgager, by payment afterwards of the mortgage debt at any time before foreclosure, would become entitled to a reconveyance, and might well recover his title and possession by a suit in equity, yet it is clear he cannot maintain trespass against the mortgagee or any one holding under his title. *Parsons* v. *Welles*, 17 Mass. R. 419. And it is equally clear, that actual payment of the mortgage has never been made and completed, although a greater part of the money due has been deposited in the hands of the executor, which he will be bound to appropriate towards the payment and discharge of the mortgage. But as matters now stand, the mortgage cannot be considered as paid ; for it was agreed by the parties at the time the money was deposited, that it should not discharge the mortgage. On no ground therefore can this action be maintained.

It has been objected to the plea, that the defendant does not justify under Farwell, as executor ; but this is not material :

the legal estate was in him, and it was not necessary, in plead-
ing, to allege in what capacity he held the estate.

*Nonsuit to stand.*